IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW SPENCER O'BRIEN,                    *
               Plaintiff
        v.                                 *      CIVIL ACTION NO. ELH-11-2346

MR. SUMMERFIELD,                            *
              Defendant
                          ***

**MEMORANDUM**

Plaintiff Matthew O'Brien, a State of Maryland inmate who is self-represented, filed suit against Michael Summerfield, M.D. in August 2011.  ECF 1.[1]  Defendant has moved to dismiss, or, in the alternative, for summary judgment (the "Motion").  *See* ECF 19.  Plaintiff opposes the Motion.  *See* ECF 28, 30,[2] 32, 33 and 35. Upon review of the submissions, the Court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6.

**Background**

Plaintiff is currently incarcerated at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland.  He alleges that on November 19, 2008, he saw an eye doctor at NBCI who advised him he had nerve damage in his eyes.  Plaintiff indicates that he was given a pair of glasses and placed on the list to see the eye specialist.  According to plaintiff, he saw Dr. Summerfield, the eye specialist, who performed some tests and confirmed that plaintiff has nerve damage in his eye.  Plaintiff advised Dr. Summerfield that his vision was worsening, his eyes

---

[1] Other parties were named in various amendments and then stricken.  Plaintiff's claims against Dr. Ottey and Lisa Schindler, concerning his right thumb, are being litigated separately, in Case No. ELH-11-2357.

[2] The self-represented plaintiff entitled this filing a "motion to alter or amend the judgment."  The motion is, in reality, an opposition to the pending dispositive motion, and has been considered as such. Defendant has opposed the motion.  ECF 31, ECF 34.

hurt and burned, and he saw flashes of light that impeded his vision.   Nevertheless, plaintiff asserts that Summerfield refused to send him to an outside eye doctor "who has access to more medical machinery." ECF 1.   *See also* ECF 7.

The uncontroverted medical records and the affidavit of Dr. Summerfield (ECF 20-2) show that plaintiff was evaluated by optometrist Marcel Brooks, O.D., on November 19, 2008, for a slight increased cup-to disc ratio.   As a result of that examination, Dr. Summerfield was asked to perform an ophthalmological examination of plaintiff. ECF 19; ECF 20-2, Ex. 2 ¶ 1.

Plaintiff was evaluated by Dr. Summerfield on January 15, 2009.   ECF 20-2, ¶ 2. Plaintiff's examination revealed normal macula, vessels, and periphery in both eyes and no evidence of cataracts.   His "vision was stable," and was 20/25 in each eye.   *Id.*   Intraoccular pressures were measured with no "afferent papillary effect."   *Id.*   However, plaintiff did show a slightly elevated cup-to-disc ratio of 0.6 in the right eye and 0.5 in the left eye.   Due to the slight increase in cup-to-disc ratio, Dr. Summerfield "planned to check" plaintiff's "central corneal thickness" and to perform a visual field test. Dr. Summerfield concluded that plaintiff was to be followed as "an uncomplicated glaucoma suspect." *Id*.

O'Brien was again evaluated by Dr. Summerfield in June 2009.   *Id.* ¶ 3.   Plaintiff's eye pressure and central corneal thickness were examined.   Plaintiff indicated he had experienced one photospia or perceived flash of light per day for approximately two years.   His vision remained 20/25 in each eye.   The intraocular pressure of both eyes was normal, at 14.   His central corneal thickness was measured at 589 in the right eye and 566 in the left eye.   Dr. Summerfield also examined plaintiff's optic nerves, which showed "no evidence of notch or hemorrhage."   Examination revealed no evidence of any peripheral retinal problems, although signs and symptoms of same were discussed with plaintiff due to his complaints of photopsia. *Id*.

Dr. Summerfield continued to follow plaintiff as someone with slightly enlarged cup-to-disc ratio, with otherwise healthy appearing eyes and thick corneas.

A visual field test was performed on March 6, 2010. *Id.* ¶ 4. It did not reveal any evidence of "glaucomatous changes." *Id.* Plaintiff was again provided a visual field test in October 2010, which showed no evidence of glaucomatous change. *Id.* ¶ 5. Plaintiff was scheduled to follow up with Dr. Summerfield in November 2010, but did not appear for his scheduled evaluation. *Id.* ¶ 6.

In his Affidavit, Dr. Summerfield avers that, based on his medical experience and training,[3] his examinations of plaintiff, as well as his review of plaintiff's records, including two visual field tests, plaintiff "did not require access to any more 'medical machinery' . . . ." *Id.* ¶ 8. Further, Dr. Summerfield averred that plaintiff received "appropriate" and "adequate opthalmological treatment and care." *Id.* ¶ 9.

### Standard of Review

As noted, Dr. Summerfield moved to dismiss or, in the alternative, for summary judgment. "'The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint.'" *McBurney v. Cuccinelli,* 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). A Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts that plaintiff alleges are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must "'accept[] as true the well-pled facts in tehcomplaint and view[] them in the light most favorable to the plaintiff.'" *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011) (citation omitted).

---

[3] Dr. Summerfield did not specify the extent and nature of his education, experience, or training.

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007).  However, Rule 12(d) permits a court, in its discretion, to consider matters outside of the pleadings on a motion under Rule 12(b)(6).  If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *See Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."  5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.).  But, this discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149.  In general, courts are guided in this determination by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

In my view, it is appropriate to consider the extraneous materials, as they are likely to facilitate disposition of this case.  Accordingly, I will treat the motion as a motion for summary judgment.

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part:

4

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied,* 541 U.S. 1042 (2004). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In resolving the motion, the Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007); *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002). Moreover, because the plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, the court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d

774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Discussion

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Eighth Amendment to the United States Constitution prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state a claim under 42 U.S.C. § 1983, based on an Eighth Amendment allegation of denial of medical care, plaintiff must demonstrate that the actions of defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Gamble*, 429 U.S. at 106. Deliberate indifference to a serious medical need requires proof that, objectively, plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure that the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting *Farmer,* 511 U.S. at 844).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The plaintiff must also prove "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that

risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).

Even if the requisite knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844.  Reasonableness of the actions must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998)) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Plaintiff's allegation that he was not provided necessary medical treatment for his eye complaints is belied by the affidavit of Dr. Summerfield and the medical records. Plaintiff's disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. *See Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975).

To be sure, the Court does not suggest here that plaintiff is not entitled to medical treatment for his medical conditions.   The right to treatment, however,  is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable.*" *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir.1977) (emphasis added).   Further, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."   *Wright v. Collins*, 766 F.2d 841, 849(4th Cir.1985) (citing *Gittlemacker v. Prasse,* 428 F.2d 1, 6 (3rd Cir. 1970)).

No exceptional circumstances are presented in this case.  Plaintiff has been evaluated repeatedly.  As of his last evaluation, there was no indication that any additional treatment or testing was required.  ECF 20, Ex. 2.  Even if Dr. Summerfield provided inappropriate treatment,

plaintiff's contention would, at most, amount to a claim of medical malpractice and negligence.[4] "[A]n inadvertent failure to provide adequate medical care does not amount to deliberate indifference." *Gamble*, 429 U.S. at 105.   Mere negligence or malpractice does not rise to a constitutional level.  *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).   Accordingly, Dr. Summerfield is entitled to summary judgment as to plaintiff's § 1983 claim under the Eighth Amendment.

**Conclusion**

For the reasons stated above, defendant's motion to dismiss, construed as a motion for summary judgment, shall be granted.  A separate order follows.


April 5, 2012                       /s/_____
Date                                        Ellen L. Hollander
                                           United States District Judge

---

[4] Under Maryland law, a claim of medical malpractice may proceed only after review before the Maryland Health Claims Arbitration Board.  *See* Md. Code, Cts & Jud. Proc., §3-2A-01 et seq.; *see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007); *Davison v. Sinai Hospital of Balt. Inc*, 462 F.Supp. 778, 779-81 (D. Md. 1978); *Group Health Ass'n, Inc. v. Blumenthal*, 295 Md. 104, 114 (1983). There is no demonstration that plaintiff has sought or completed such review.   This Court declines jurisdiction over these state tort claims, and dismisses them, without prejudice.  *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs*, 383 U. S. 715, 726 (1966).